United States District Court
Southern District of Texas
**ENTERED**
January 21, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., § § *Plaintiff*, § § v. § § FREDONIA ENTERPRISES, INC., individually, § and d/b/a ELVIA'S CANTINA, *et al.*, § § *Defendants*. § | CIVIL ACTION H-15-1165 |

## ORDER

Pending before the court is plaintiff J&J Sports Productions, Inc.'s ("J&J") motion for default judgment. Dkt. 14. After considering the complaint, motion, and evidentiary record, the court is of the opinion that (1) the motion should be GRANTED against defendant Fredonia Enterprises, Inc., individually, and d/b/a Elvia's Cantina ("Fredonia"); and (2) the claims against defendant Aldo Rosso, individually, and d/b/a Elvia's Cantina ("Rosso") should be SEVERED.

### I. BACKGROUND

J&J was a broadcast licensee authorized to sublicense the closed-circuit telecast of the May 5, 2012, Floyd Mayweather, Jr. v. Miguel Cotto, WBA World Light Middleweight Championship Fight Program, including undercard or preliminary bouts (the "Event"). Dkt. 1 at 3. J&J was licensed to exhibit the Event at closed circuit locations, such as theaters, arenas, bars, clubs, lounges, restaurants, and other commercial establishments throughout Texas. *Id.* The closed circuit broadcast of the Event could be exhibited in a commercial establishment only if the establishment was contractually authorized by J&J. *Id.* J&J contracted with various establishments throughout the state and granted those establishments the right to broadcast the Event in exchange for sublicense fees. *Id.* After receiving sublicense fees, J&J provided these establishments with the electronic

decoding capability or satellite coordinates necessary to receive the satellite transmission of the Event. *Id.* at 3–4.

On May 1, 2015, J&J brought this lawsuit, alleging that defendants Fredonia and Rosso violated the Federal Communications Act of 1934, 47 U.S.C. §§ 553 or 605, by unlawfully intercepting the interstate communication of the Event and exhibiting the Event to patrons at Elvia's Cantina without paying the required sublicense fee. *Id.* at 4–5. On August 19, 2015, J&J filed a suggestion of bankruptcy as to Rosso. Dkt. 8. On September 1, 2015, the court stayed the case as to Rosso, pending the resolution of the bankruptcy proceedings. Dkt. 9. The same day, the court granted J&J's motion for substitute service, authorizing J&J to serve Fredonia through the Texas Secretary of State. Dkt. 10. On September 21, 2015, Fredonia was properly served with process through the Texas Secretary of State. Dkt. 12. Fredonia's deadline to answer or otherwise respond was October 13, 2015. *See* Fed. R. Civ. P. 12(a). Fredonia was informed of its deadline for responding and the consequences of failing to do so. Dkt. 12. To date, Fredonia has not answered or otherwise responded to this lawsuit.

On November 20, 2015, J&J moved for entry of default judgment against Fredonia. Dkt. 14. Pursuant to the Local Rules of the Southern District of Texas, J&J served the motion for default judgment upon Fredonia via certified mail, return receipt requested. *Id.* at 11; *see also* S.D. Tex. L.R. 5.5.

## II. LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Fredonia has failed to plead or otherwise defend against this lawsuit. Further, J&J properly served Fredonia with

this lawsuit under the Federal Rules and with the motion for default judgment under the Local Rules. Given Fredonia's failure to answer the complaint in a timely manner, the court has the authority to enter default against Fredonia, accept all well-pleaded facts in J&J's complaint as true, and award the relief sought by J&J in this action. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

J&J initially alleged that Fredonia violated either 47 U.S.C. §§ 553 or 605. Dkt. 1 at 4. J&J now moves for judgment under 47 U.S.C. § 605. Dkt. 14 at 4. Section 605 is applicable here because transmission of the Event originated via satellite. Dkt. 14, Ex. A at 3; *see also J&J Sports Prods., Inc. v. Flor De Cuba, TX, Inc.*, No. 13-CV-3282, 2014 WL 6851943, at *2 (S.D. Tex. Dec. 3, 2014) (Rosenthal, J.) (noting that Section 605 applies to the theft of radio and satellite communications, whereas Section 553 applies to the theft of communications from a cable network). Section 605 is a strict liability statute. *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. 2014) (Harmon, J.). To establish liability, J&J must show that (1) the Event was exhibited in Fredonia's establishment and (2) J&J did not authorize the particular exhibition of the Event. *Id.* J&J's well-pleaded complaint and affidavits establish both of these elements. Dkt. 1 at 3–4; Dkt. 14, Ex. A; Dkt. 14, Ex. A-2.

J&J seeks (1) statutory damages of $10,000; (2) additional damages of $50,000; (3) attorney's fees of either a one-third contingent fee or $1,000; (4) conditional attorney's fees; (5) costs; (6) post-judgment interest; and (7) a permanent injunction against Fredonia. Dkt. 14 at 9–10; Dkt. 14, Ex. B; Dkt. 14-2.

The court may award statutory damages between $1,000 and $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). The court finds that a statutory damages award of $5,000 is appropriate in this case. Here, J&J could have charged $2,200 for a venue comparable to Elvia's Cantina. *See* Dkt. 14,

Ex. A-2 (stating that Elvia's Cantina has a capacity of approximately 100 people); Dkt. 14, Ex. A-3 (noting a typical charge of $2,200 for a venue seating 0-100 people). An additional $2,800 is reasonable to deter future violations.

The court may award additional damages of up to $100,000 where the violation was committed willfully and for the purposes of private financial gain or commercial advantage. 47 U.S.C. § 605(e)(3)(C)(ii). An award of additional damages is warranted here because Fredonia must have acted willfully and for the purposes of private financial gain in receiving the unauthorized satellite signal and displaying the Event to its customers. *See Time Warner Cable of N.Y.C. v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."). The court finds that an award of additional damages equivalent to double statutory damages is appropriate. *See Joe Hand Promotions, Inc. v. Chios, Inc.*, No. 4:11-CV-2411, 2012 WL 3069935, at *5 (S.D. Tex. July 27, 2012) (Hoyt, J.) ("Generally, it is reasonable to increase an actual or statutory damages award by a multiplier to penalize Defendants for willful acts."), *aff'd*, 544 F. App'x 444 (5th Cir. 2013). Therefore, the court awards $10,000 in additional damages.

The court is required to award full costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). Attorney's fees will be awarded in the amount of $1,000 because the court finds that four hours of work at a blended rate of $250 is reasonable. Dkt. 14, Ex. B at 4–6. Costs will be taxed in favor of J&J.

J&J is entitled to recover damages against Fredonia as detailed above, plus post-judgment interest at the rate of 0.58% per annum. There shall be no award of pre-judgment interest.

Furthermore, J&J is entitled to recover the following conditional awards of attorney's fees from Fredonia in the following circumstances:

a. Ten Thousand Dollars ($10,000.00) in the event Fredonia files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this action;

b. Fifteen Thousand Dollars ($15,000.00) in the event Fredonia files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

c. Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of judgment obtained in this action;

d. Ten Thousand Dollars ($10,000.00) for an appeal to the U.S. Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of judgment obtained in this action; and

e. Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should J&J obtain a writ of execution, writ of garnishment, writ of attachment, or other process.

Finally, the court may award a temporary or permanent injunction to "prevent or restrain" violations of the statute. 47 U.S.C. § 605(e)(3)(B)(i). The court finds that an injunction is warranted in these circumstances and grants J&J's request for a permanent injunction against Fredonia.

### III. CONCLUSION

For the foregoing reasons, J&J's motion for default judgment (Dkt. 14) is GRANTED. This judgment applies only to Fredonia. All claims against Rosso are hereby SEVERED. The court will enter a separate final judgment against Fredonia consistent with this order.

Signed at Houston, Texas on January 21, 2016.

_____
Gray H. Miller
United States District Judge